IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

    Plaintiff,

v.

BANDWIDTH INC.,

    Defendant.

Case No. 2:26-cv-11464-MFL-CI

Honorable Matthew F. Leitman
United States District Judge

Honorable Curtis Ivy, Jr.
United States Magistrate Judge

**OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

No emergency relief is appropriate in this matter.

Mark Dobronski—a frequent litigator in this Court—filed suit against Bandwidth Inc. on May 4, 2026. *See* Compl., ECF No. 1. He asserts that, although he has "repeatedly complained to Bandwidth" about allegedly unlawful call traffic reaching him via Bandwidth's network, *id.* ¶ 9, Bandwidth "misuse[d]" network traffic controls to cause inbound calls "not to complete" to four of his "residential" telephone numbers, which he calls the "12 Number," "24 Number," "00 Number," and "22 Number," *id.* ¶¶ 1–3. He alleges that calls to the 12-, 24-, and 00- Numbers "did not complete." *Id.* ¶¶ 44–45. Callers to the 22 Number allegedly received "a recorded announcement" identifying the number "as a likely scam." *Id.* ¶ 48. Mr.

1

Dobronski attributes these disruptions to Bandwidth based on statements by a different entity, Anveo, which is Mr. Dobronski's retail carrier. *See id.* ¶¶ 4, 60–66.

Mr. Dobronski also filed an "emergency motion for temporary restraining order, preliminary injunction, and mandamus relief requiring Bandwidth Inc. to restore normal inbound call completion to Plaintiff's telephone numbers." ECF No. 2. He supplemented the motion on May 6, ECF No. 5, and again on May 8, ECF No. 7. The May 8 supplement notes that, at least as of May 7, 2026, "inbound telephone service to Plaintiff's 12 Number, 24 Number, and 00 Number was restored." ECF No. 7 ¶ 4. He indicates that the 22 Number "remains impaired." *Id.* ¶ 6. The Court held a status conference on May 8, *see* ECF No. 4, and ordered Bandwidth to respond to the "emergency motion" by May 13.

## I.     The Motion for Emergency Relief Should Be Denied

Mr. Dobronski's motion should be treated as a motion for preliminary injunction, *see Farnsworth v. Nationstar Mortg., LLC*, 569 Fed. App'x 421, 425 n.2 (6th Cir. 2014), and denied. "A preliminary injunction is an extraordinary measure—'one of the most drastic tools in the arsenal of judicial remedies.'" *Id.* at 425 (quoting *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001)). Four factors must be considered: "(1) whether the movant has demonstrated a substantial likelihood of success on the merits, (2) whether the movant will suffer irreparable injury absent injunction, (3) whether a preliminary injunction would cause

substantial harm to others, and (4) whether the public interest will be served by an injunction." *Flight Options, LLC v. Int'l Bhd. of Teamsters, Local 1108*, 863 F.3d 529, 540 (6th Cir. 2017). "And because a preliminary injunction is an extraordinary equitable remedy that is never awarded as of right, it should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Fetch! Pet Care, Inc. v. Atomic Pawz Inc.*, 170 F.4th 546 (6th Cir. 2026) (internal quotation omitted).

**A.      Mr. Dobronski will not suffer irreparable injury as to the working 12-, 24-, and 00- Numbers.**

No emergency relief should issue as to the restored service numbers. *See* ECF No. 7 ¶ 4 ("[I]nbound telephone service to Plaintiff's 12 Number, 24 Number, and 00 Number was restored."). "If the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief *now* as opposed to at the end of the lawsuit." *D.T. v. Sumner Cnty. Sch.*, 942 F.3d 324, 327 (6th Cir. 2019) (emphasis in original).

Mr. Dobronski's service on the 12-, 24-, and 00- Numbers is not currently impaired. That may well moot his related claims. *See Alvarez v. Smith*, 558 U.S. 87, 92 (2009) ("An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." (internal quotation omitted)); *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 713 (6th Cir. 2011) ("If events occur during the case . . . that make it impossible for the court to grant any effectual relief whatever to a prevailing party, the [case] must be dismissed as moot." (internal quotation

3

omitted)).  Even if it does not, the situation forecloses preliminary relief.  *See Moms for Liberty v. Wilson Cnty. Bd. of Educ.*, 155 F.4th 499, 513 (6th Cir. 2025).

**B.      Mr. Dobronski has not demonstrated a likelihood of success on the merits as to the 22 Number.**

Mr. Dobronski submits that telephone service to the 22 Number "remains impaired."  ECF No. 7 ¶ 6.  But he has not demonstrated a likelihood of success on the merits of his 22 Number claims.  Those claims depend on Mr. Dobronski's assertion, based on a communication from a third-party, that *Bandwidth* is responsible for any impaired service on the 22 Number.  *See* Compl. ¶¶ 4, 60–66; Decl. of Mark W. Dobronski, ECF No. 2-2, ¶¶ 34–39.  Bandwidth "[a]t no time" placed a block on the 22 Number, or any "rule that would cause a prerecorded message to be played when a call is placed to the 22 Number."  Decl. of Catherine R. Fay ¶¶ 3, 4 (filed herewith).  Mr. Dobronski is therefore unlikely to succeed on the merits of his 22 Number claims *against Bandwidth*.  "[A] finding that there is simply no likelihood of success on the merits is usually fatal" to a motion for preliminary injunction.  *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

**C.      There is no basis for awarding emergency mandamus relief.**

The emergency motion also requests mandamus relief under 47 U.S.C. § 406.  *See* ECF No. 2 at 12.  That statute authorizes mandamus relief when a person alleges a "violation" of a provision of Chapter 47 that "prevent[s] the [plaintiff] from

4

receiving service . . . at the same charges, or upon terms and conditions as favorable as those given by said carrier for like communication or transmission under similar conditions to any other person." 47 U.S.C. § 406. The provision is not an independent basis for granting *emergency* relief, so Mr. Dobronski must still demonstrate a likelihood of success on the merits of his claims and irreparable harm. He has not, for all of the reasons above.

- - -

Mr. Dobronski's motion for emergency relief, ECF No. 2, should be denied.

Respectfully submitted this May 12, 2026, by:

/s/ Rachel S. Urquhart

Rachel Urquhart
MAYNARD NEXSEN PC
2751 E Jefferson Ave., Ste. 400
Detroit, MI 48207
rurquhart@maynardnexsen.com

Amy E. Richardson (admission pending)
Rachel E. Grossman (application for admission forthcoming)
HWG LLP
1919 M Street NW, 8th Floor
Washington, DC 20036
arichardson@hwglaw.com
rgrossman@hwglaw.com

*Counsel for Defendant Bandwidth, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on May 12, 2026, I electronically filed the foregoing using the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Rachel S. Urquhart
Rachel Urquhart