UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

            Plaintiff,

v.

BANDWIDTH INC.,

            Defendant.

Case No.  26-cv-11464

Honorable Matthew F. Leitman
United States District Judge

Honorable Curtis Ivy, Jr.
United States Magistrate Judge

_____

**PLAINTIFF'S REPLY IN SUPPORT OF
EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION, AND MANDAMUS RELIEF**

Plaintiff Mark W. Dobronski, appearing *in propria persona*, respectfully

replies to Defendant Bandwidth Inc.'s Opposition to Plaintiff's Motion for Temporary

Restraining Order and Preliminary Injunction.

**INTRODUCTION**

Bandwidth's response does not answer the central questions presented by

Plaintiff's motion. Plaintiff submits, relies upon, and incorporates the accompanying

Supplemental Declaration of Mark W. Dobronski, attached as Exhibit 1, and the

April 27, 2026 technical statement relayed through Anveo, attached as Exhibit 2.

Four residential telephone numbers were working. Then all four became

impaired. Anveo relayed a technical response from the carrier stating that the

1

impacted telephone numbers were "currently being blocked by a network-level compliance rule on the terminating side" and that, "[a]s a result, inbound calls to these numbers are not completing." Ex. 2. That statement directly supports Plaintiff's theory: this was not an ordinary outage, but a terminating-side network-level compliance block.

The chronology is significant. Plaintiff and Anveo sought answers through ordinary channels. The numbers remained impaired. Plaintiff then filed this action and moved for emergency relief on May 4, 2026. The Court noticed the emergency motion for a status conference. Only thereafter - and immediately before that conference - were the 12 Number, 24 Number, and 00 Number restored. Yet Bandwidth's role remained opaque throughout: Plaintiff received no notice, no explanation, no technical disclosure, and no identification of who restored the numbers or what rule, block, label, flag, or treatment was removed.

The emergency has narrowed, but it has not disappeared. The 22 Number remains impaired, and callers continue to receive a recorded warning that the number has been identified as likely a scam. Bandwidth relies on Catherine R. Fay's narrow declaration stating only that Bandwidth did not place a block on the 22 Number and did not implement a rule causing a prerecorded message to be played to callers of that number. ECF No. 9-1. The declaration does not address the 12 Number, 24 Number,

2

or 00 Number; does not identify the network-level compliance rule referenced in Exhibit 2; does not identify who restored three numbers; does not explain why the 22 Number remains impaired; and does not identify the source of the likely-scam recording.

Bandwidth's reference to Plaintiff as a "frequent litigator" is irrelevant. The question is whether Plaintiff was injured, whether the 22 Number remains impaired, and whether narrowly tailored interim relief or immediate discovery is necessary to stop or identify the source of the continuing impairment.

## DISCUSSION

### I.     Partial Restoration Does Not Moot the Need for Narrowly Tailored Relief.

Partial restoration does not moot this dispute. A defendant's voluntary cessation of challenged conduct does not ordinarily moot a case unless the defendant carries the "formidable burden" of showing that it is "absolutely clear" the conduct cannot reasonably be expected to recur. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189-90 (2000); *see also Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). Bandwidth has made no such showing. It has not explained what caused the impairment, who imposed the network-level compliance rule, who removed the impairment from three numbers, whether any adverse treatment remains, or what prevents recurrence.

3

Nor does restoration moot Plaintiff's damages claims for the period when the numbers were impaired. The restoration confirms that a carrier-side actor had the ability to impair and then restore Plaintiff's residential telephone service. But Bandwidth's response is silent as to the who, what, when, where, and why of that impairment. Bandwidth should not be permitted to use unexplained, last-minute partial restoration as both a shield against emergency relief and a basis to avoid disclosing who impaired the numbers, what rule was applied, who removed it, and why the 22 Number remains impaired.

## II. The Fay Declaration Does Not Reconcile Bandwidth's Litigation Position with the April 27 Technical Statement.

Bandwidth's opposition depends almost entirely on Ms. Fay's declaration. But Ms. Fay states that she is Team Lead, Voice Fraud at Bandwidth and is responsible, among other things, for "implementing network-level rules on telephone numbers." ECF No. 9-1 ¶ 1. That statement confirms that Bandwidth has personnel who implement the type of number-level network rule described in Exhibit 2.

Ms. Fay then states that Bandwidth did not place a block on the 22 Number and did not implement a rule that would cause a prerecorded message to be played when a call is placed to the 22 Number. ECF No. 9-1 ¶¶ 3-4. But she does not address the 12 Number, 24 Number, or 00 Number. She does not explain what caused those numbers to stop receiving inbound calls, what caused them to be restored, what

records she reviewed, the source of the likely-scam recording, or the author, source, or meaning of the April 27 technical statement.

Exhibit 2 says the impacted TNs were "currently being blocked by a network-level compliance rule on the terminating side" and that, "[a]s a result, inbound calls to these numbers are not completing." Bandwidth does not deny that statement was made. It does not explain what "impacted TNs" meant, identify the rule, identify who imposed it, identify who removed it from three numbers, or explain why the 22 Number remains subject to adverse treatment. Plaintiff is not asking the Court to decide that Ms. Fay's declaration is false. Plaintiff asks the Court to recognize that Bandwidth's narrow litigation declaration cannot be reconciled with the prior technical statement without immediate disclosure.

## III.   The 22 Number Remains Impaired, and Narrow Relief or Immediate Discovery Is Warranted.

The remaining harm is not speculative. Callers to Plaintiff's 22 Number are being told that Plaintiff's residential number is likely a scam and that they should hang up. That is ongoing interference with Plaintiff's ability to receive wanted calls and ongoing reputational injury attached directly to his telephone number. Loss of communications, goodwill, and reputation may support irreparable injury where the harm is ongoing and difficult to quantify fully. *See Basicomputer Corp. v. Scott*, 973

F.2d 507, 511-12 (6th Cir. 1992); *Bonnell v. Lorenzo*, 241 F.3d 800, 809 (6th Cir. 2001).

Even if the Court is not prepared to order full injunctive relief on the present record, immediate limited discovery is warranted. Rule 26(d)(1) permits discovery before the Rule 26(f) conference by court order. Fed. R. Civ. P. 26(d)(1). Good cause exists because Plaintiff's 22 Number remains impaired, the relevant facts are uniquely within Bandwidth's or its network partners' possession, and the record contains a direct conflict between the April 27 technical statement and Bandwidth's later litigation declaration.

Plaintiff respectfully requests narrowly tailored relief requiring Bandwidth to: (1) remove, or cause the removal of, any Bandwidth-controlled block, rule, label, flag, scam designation, analytics treatment, or adverse treatment affecting the 22 Number; (2) identify the carrier, vendor, analytics provider, blocking service, customer, system, or network point responsible for the likely-scam recording; (3) confirm that the 12 Number, 24 Number, and 00 Number are no longer subject to adverse treatment; (4) disclose what action restored those three numbers; (5) preserve all records concerning the impairment, treatment, restoration, ticketing, escalation, and continuing impairment of all four numbers; and (6) produce immediate limited discovery sufficient to identify the source, timing, reason, and responsible actor for

6

the blocking event.

## CONCLUSION

Bandwidth's opposition confirms the need for narrowly tailored relief or immediate discovery. Bandwidth does not explain the April 27 technical statement, address the blocking of the restored numbers, identify who restored them, or identify who is causing the continuing likely-scam treatment of the 22 Number. For the reasons stated in Plaintiff's motion, supplements, this Reply, and the accompanying Supplemental Declaration, Plaintiff respectfully requests that the Court grant narrowly tailored interim relief or, at minimum, order immediate limited discovery and preservation sufficient to identify the source of the block, the reason for the impairment, the action that restored three numbers, and the actor responsible for the continuing impairment of the 22 Number.

Respectfully submitted,

Dated: May 13, 2026

_____
Mark W. Dobronski
Post Office Box 99
Dexter, Michigan 48130-0099
(734) 641-2300
markdobronski@yahoo.com
Plaintiff *In Propria Persona*

## CERTIFICATE OF SERVICE

I certify that on May 13, 2026, I electronically filed the foregoing *Plaintiff's Reply un Support of Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Mandamus Relief* using the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record.

_____
Mark W. Dobronski